UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| ANGELA K. MAY, | ) | |
|---|---|---|
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Case No. 4:08-cv-77 Judge Mattice |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) ) | |
| *Defendant.* | ) ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Angela K. May brought this action for judicial review of the final decision of the Commissioner of Social Security that she was not disabled under the Social Security Act. The Court referred this matter to Magistrate Judge William B. Mitchell Carter pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation ("R&R").

Magistrate Judge Carter entered his R&R [Court Doc. 19] on December 30, 2009, recommending that Defendant's Motion for Summary Judgment [Court Doc. 17] be denied, that Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 12] be granted in part and denied in part, and that the Commissioner's decision be reversed and the action remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation. The Commissioner has filed a timely objection to the R&R [Court Doc. 21].

For the reasons stated below, the Court will **OVERRULE** the Commissioner's objection and will **ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation.

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been made, the Court will directly review the circumstances leading to the determination that Plaintiff was not disabled. *Id*.

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II. FACTS

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case. There have been no objections to the relevant facts as set forth in the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Relevant Facts" section of the R&R. (Court Doc. 19, R&R at 5-12.)

## III. ANALYSIS

The Commissioner objects to Magistrate Judge Carter's finding that the ALJ failed to give proper weight to Plaintiff's treating physicians. (Court Doc. 21, Def.'s Objs. at 1.) The Commissioner takes issue with Magistrate Judge Carter's reliance on Plaintiff's fibromyalgia diagnosis, claiming that the ALJ reasonably determined that Plaintiff's fibromyalgia was not disabling. (*Id.* at 2.) The Commissioner also asserts that the ALJ properly gave limited weight to the opinions of the treating physicians because they were

not supported by objective findings. (*Id.*) Finally, the Commissioner objects to Magistrate Judge Carter's finding that the ALJ improperly determined that Plaintiff was not credible. (*Id.* at 4.)

### A. Deference to the Assessments of Plaintiff's Treating Physicians

Magistrate Judge Carter found that the ALJ was improperly suspicious of the assessments that Plaintiff's treating physicians provided and that there was no evidence to support the conclusion that Plaintiff's physicians competed inaccurate assessments. (R&R at 15.) Instead, the only contradictory evidence were the opinions of the two state agency physicians–one who examined Plaintiff, and one who merely examined her medical records–but these opinions were produced before Plaintiff's treating physicians provided their assessments. (*Id.*) Magistrate Judge Carter acknowledged the challenges that fibromyalgia presents to the ALJ and the Commissioner, and analyzed these difficulties extensively. Magistrate Judge Carter concluded that the objective findings of the treating physicians did not rule out disabling fibromyalgia, as the condition is essentially impossible to prove with objective medical tests, and patients with fibromyalgia may have completely normal exams and still have disabling pain. (*Id.* at 15-17.) Furthermore, Magistrate Judge Carter noted that the state agency's consultative physician, Dr. Surber, did not have Plaintiff's medical records before him, or the disabling assessments of Plaintiff's treating physicians, when he performed his examination. (*Id.* at 17.) In addition, the state agency physician who merely reviewed Plaintiff's records did not have a full record and appeared to have relied primarily on Dr. Surber's opinion. (*Id.*) For these reasons, Magistrate Judge Carter concluded that their opinions were entitled to little weight. (*Id.*)

The Court finds no reason to disturb Magistrate Judge Carter's well-reasoned analysis and conclusions. Due to the nature of Plaintiff's complaints of fibromyalgia pain and the inability to test for this condition, there will always be a conflict between the objectively normal medical tests and Plaintiff's subjective complaints of pain. In addition, the Court finds that the assessments of Plaintiff's treating physicians are in accord with her own description of her daily activities and the level of pain she experiences; in contrast, the opinions of the state agency physicians are at odds with Plaintiff's subjective complaints as well as her testimony and the function reports of Plaintiff and others regarding her activities. Finally, the Court also takes issue with the ALJ's statements regarding the possibility that treating physicians would give inaccurate assessments at the request of the patient. While the Court recognizes that this very well may be the case, it was improper for the ALJ to raise this suspicion when there is no evidence to support that conclusion. The Court agrees with Magistrate Judge Carter's finding that the ALJ improperly gave the opinions of Plaintiff's treating physicians little weight.

### B. Plaintiff's Credibility

Magistrate Judge Carter found that the ALJ improperly determined that Plaintiff was not credible. (R&R at 21.) The Commissioner asserts that there are several reasons for the ALJ's finding that Plaintiff was not credible–he found that her statements about her daily activities were not in accord with disability; he found that her failure to follow her doctor's advice diminished her claims; and he found that Plaintiff had not complained of knee pain after her surgery. (Def.'s Objs. at 4-5.) The Commissioner argues that Magistrate Judge Carter did not properly assess each of these statements and instead focused on the ALJ's interpretation of Plaintiff's daily activity level. (*Id.*)

The ALJ made the following statements relating to his finding as to Plaintiff's lack of credibility:

> The record reveals that the claimant failed to follow-up on recommendations made by treating physicians, which suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal. The claimant continues to smoke cigarettes against medical advice and her allegations of breathing difficulties are further tempered by her admissions that she continues to smoke. Although she was frequently counseled to lose weight, there was no indication she was on a special diet or exercising. Notes of White County Health Department indicate the claimant was non-compliant with her diabetes mellitus type II, hypertension, and hyperlipidemia and had not taken her medications for more than three months (Exhibit F, page 226.)
>
> The claimant's reported daily activities are not suggestive of a totally disabled individual. On a function report the claimant reported she paid bills, cared for her pet, watched television, grocery shopped, visited family members, attended church, and performed light housekeeping and cooking. The claimant's mother and husband reported on a third party function report that the claimant did housework, watched television, prepared simple meals, read the bible, did laundry, shopped, paid bills, visited, cared for and played with her dog, and attended church. The claimant testified she will watch a grandchild on Saturday, if her husband is home.
>
> The claimant has also been diagnosed with obesity, with a height of 66 inches, weight of 232 pounds, and a body mass index greater than 35. The undersigned has considered the impact obesity has at steps two through five of the sequential evaluation, singly and in combination with her other impairments. Consideration included determination of the extent and severity of the claimant's impairment-related limitations, consistent with Social Security ruling 02-1p.
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Administrative Record ("AR") at 20-21.) Magistrate Judge Carter focused on the ALJ's assessment of Plaintiff's daily activities because most of the ALJ's finding in this regard focused on her reports of her daily activities. Magistrate Judge Carter concluded that the ALJ ignored other evidence about Plaintiff's abilities in the record. (R&R at 21-22.) The Court agrees and finds that the ALJ's statements about Plaintiff's activities are vastly oversimplified from the information actually contained in the record.

The ALJ stated that Plaintiff "paid bills, cared for her pet, watched television, grocery shopped, visited family members, attended church, and performed light housekeeping and cooking." (*Id.* 20-21.) The ALJ failed to expand on these activities as reported by Plaintiff. Caring for a pet in this case merely means feeding a teacup poodle. (*Id.* 153.) Plaintiff testified that she can only shop for about ten minutes before she has to leave because it hurts to walk, and her husband does most of the shopping now. (*Id.* 507, 513-14.) Although she does some light housework, such as washing dishes and making the bed, her husband has to help her cook and now does most of the cooking. (*Id.* 515-16.) Plaintiff testified that she goes to church, but cannot sit through the entire service due to pain. (*Id.* 517.) Plaintiff watches television for a couple of hours each day, but not in one sitting, and reads her Bible for thirty minutes at night. (*Id.* 518.) Plaintiff testified that she cannot make a 45-50 minute car trip to Nashville without getting out of the car for ten minutes before continuing. (*Id.* 519.) Plaintiff will watch her grandchild every once in a while, but only when her husband is home, because she testified that she cannot keep up with him or run after him. (*Id.* 520.) In Plaintiff's fatigue questionnaire completed March 18, 2005, she wrote that her husband has to help her put on her shoes and she cannot

stand for more than ten minutes at a time. (*Id.* 138.) Plaintiff also wrote that her husband and daughter do most of the cleaning and she usually just has to make her bed. (*Id.* 138.)

Plaintiff's mother and husband filled out third-party function reports in November 2004. Plaintiff's mother wrote that Plaintiff has to rest every fifteen minutes throughout the day. (*Id.* 152.) Plaintiff feeds her teacup poodle, can only cook with help from her husband, can only clean with help from her husband and frequent rest, and must rest for 20-30 minutes after she stands or walk for ten minutes. (*Id.* 153-57.) Plaintiff's husband wrote that Plaintiff feeds the pet, can only clean for ten minutes at a time unless he helps her, and can only shop for about ten minutes at a time. (*Id.* 161-69.) Plaintiff's function report from November 2004 states that she feeds her pet, can cook with help from her husband, can only stand for about ten minutes at a time, can only clean for about ten minutes at a time before resting for 20 minutes, can only shop for about ten minutes at a time, and does not visit with family as much as she used to because she prefers to be alone. (*Id.* 178-85.) The Court concludes that Plaintiff's reports of daily activity are consistent with those of a disabled individual, and the ALJ improperly determined that these reports undermined Plaintiff's credibility.

Moreover, the Court does not find it appropriate for the ALJ to question credibility based on the Plaintiff's disregard of her physicians' advice to lose weight and stop smoking. The ALJ seemed to find that Plaintiff's obesity and smoking were quite detrimental to her credibility because she admitted that she felt better when she started smoking less, but this also seems vastly oversimplified. First of all, Plaintiff testified that her primary problems were fibromyalgia pain and arthritis, with her chronic pulmonary

disease (COPD) and asthma as her third and fourth most serious problems. (*Id.* 505-06.) If Plaintiff were to stop smoking, perhaps her COPD and asthma would improve, but there is no indication that the fibromyalgia pain and arthritis would be resolved. In addition, the ALJ commented that Plaintiff was not exercising. (*Id.* 20.) The Court credits Plaintiff's complaints of pain, and it is difficult to imagine how Plaintiff would be able to exercise–and therefore lose any significant weight–with the degree of constant pain that Plaintiff currently experiences. Furthermore, the Court cannot accept that Plaintiff's fibromyalgia pain would completely disappear if she were to lose weight because there is no indication that this would be the case.

Finally, the Court does not see how Plaintiff's failure to follow-up with one doctor after a colonoscopy, and her non-compliance with a diabetes mellitus, hypertension, and hyperlipidemia–none of which Plaintiff blames for her condition–could bear on her credibility in regards to her pain. There is no indication in the record that Plaintiff was lying about her compliance such that it would bear on general credibility; instead, there is only one medical record from February 2007 that states that Plaintiff had not taken her medication for the three conditions for three months. (*Id.* 264.) Plaintiff had to have been the source of this information, so there is no sign of dishonesty. These do not seem to be acceptable reasons for the ALJ to discredit her allegations of pain, and the Court finds that the ALJ improperly determined that Plaintiff was not credible.

Accordingly, the Court agrees with Magistrate Judge Carter's conclusion that the ALJ improperly gave the opinions of Plaintiff's treating physicians little weight and improperly determined that Plaintiff's complaints of pain were not entirely credible. The Court concludes that the Commissioner's decision was not supported by substantial

evidence. Magistrate Judge Carter's recommendation that the Commissioner's decision be reversed and that this action be remanded is **ACCEPTED and ADOPTED**. The Commissioner's objections to the R&R are **OVERRULED**. The Commissioner's Motion for Summary Judgment is **DENIED** and Plaintiff's Motion for Judgment on the Pleadings is **GRANTED IN PART** and **DENIED IN PART**. This Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

- Magistrate Judge Carter's Report and Recommendation [Court Doc. 19] is **ACCEPTED AND ADOPTED** in its entirety;

- The Commissioner's Objection [Court Doc. 21] to Magistrate Judge Carter's Report and Recommendation is **OVERRULED**;

- The Commissioner's Motion for Summary Judgment [Court Doc. 17] is **DENIED**;

- Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 12] is **GRANTED IN PART** and **DENIED IN PART**; and

- The Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation.

**SO ORDERED** this 22nd day of March, 2010.

                                           */s/Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE